1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SIDNEY PETILLO,

11            Plaintiff,                        No. CIV S-09-3349 KJM P

12        vs.

13   J. WALKER, et al.,

14            Defendants.                 <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $43.37 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1    preceding month's income credited to plaintiff's prison trust account.  These payments will be

2    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10           A claim is legally frivolous when it lacks an arguable basis either in law or in

11   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.

14   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17           In order to avoid dismissal for failure to state a claim a complaint must contain

18   more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

19   of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

20   words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

21   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

22   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

23   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

25   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

26   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

2

1   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

2   Rhodes, 416 U.S. 232, 236 (1974).

3         The court finds the allegations in plaintiff's complaint so vague and conclusory

4   that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of

5   Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the

6   elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d

7   646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt

8   acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be

9   dismissed.  The court will, however, grant leave to file an amended complaint.

10         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

13   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

14   there is some affirmative link or connection between a defendant's actions and the claimed

15   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

16   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

17   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

18   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19         Plaintiff's primary concern appears to be the destruction or taking of his personal

20   property.  Plaintiff is informed that the United States Supreme Court has held that "an

21   unauthorized intentional deprivation of property by a state employee does not constitute a

22   violation of the procedural requirements of the Due Process Clause of the Fourteenth

23   Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v.

24   Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation

25   remedy, as California does, only authorized, intentional deprivations constitute actionable

26   violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to

3

1    established state procedures, regulations, or statutes.  <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036

2    (9th Cir. 1985); <u>see also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir. 1987).

3         Plaintiff is also informed that the court cannot refer to a prior pleading in order to

4    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5    complaint be complete in itself without reference to any prior pleading.  This is because, as a

6    general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

7    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10        In accordance with the above, IT IS HEREBY ORDERED that:

11        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

12        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

13   Plaintiff is assessed an initial partial filing fee of $43.37.  All fees shall be collected and paid in

14   accordance with this court's order to the Director of the California Department of Corrections

15   and Rehabilitation filed concurrently herewith.

16        3.  Plaintiff's complaint is dismissed.

17        4.  Plaintiff is granted thirty days from the date of service of this order to file an

18   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

19   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

20   docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

21   an original and two copies of the amended complaint; failure to file an amended complaint in

22   accordance with this order will result in a recommendation that this action be dismissed.

23   DATED:  May 19, 2010.

24

25   1                                  _____
     peti3349.14(12.2.09)                   U.S. MAGISTRATE JUDGE
26

4